SAMUEL J. PRINCE, complainant and appellant,

*v.*

CHARLES E. HART, executor, &c., defendant and respondent.

[Argued March 16th, 1915.  Decided June 14th, 1915.]

Complainant by bill in equity sought to recover a bequest of "money in bank" which the bill averred amounted to $261.01. The executor of the will answered that the "money in bank" was only $164.01; that the personal estate was not sufficient to pay the debts without recourse to the money so bequeathed, and to the real estate, and that an application for an order for the sale of lands to pay debts was imminent. He further set up by way of cross-bill that complainant had obtained from him a life insurance policy payable to the estate upon the statement that he wished to collect it to pay decedent's funeral expenses, and that he collected the insurance money amounting to $215.50, but, instead of paying such

expenses, he applied the money to his own use. The cross-bill prayed an accounting by the complainant of the insurance moneys.—*Held*, (1) that the matter set up in the cross-bill was germane to the subject-matter of the complainant's bill; (2) that it was one of equitable jurisdiction; and (3) that a motion to strike out the cross-bill was properly denied.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes.

*Mr. William M. Jamieson,* for the appellant.

*Mr. Martin P. Devlin,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This appeal challenges the propriety of the order of the court of chancery dismissing the complainant's motion to strike out the defendant's cross-bill.

We are of the opinion that the motion was properly denied.

The complainant, Samuel J. Prince, sought by his bill to recover "money in bank" bequeathed to him by the last will of his deceased wife, Lillian A. Prince. The bill averred that the money amounted to $261.01.

The defendant, the executor of the will, thereupon filed an answer and cross-bill. The answer sets up that the bequest to Prince amounted to only $164.01; that decedent's personal estate was not sufficient to pay the debts without recourse to such "money in bank" so bequeathed, and to the real estate, and that an application for an order to sell decedent's lands for the payment of debts is imminent. The cross-bill sets up that, on the day of his wife's death, Prince obtained from the executor a life insurance policy payable to her estate upon the statement that he wished to collect the money to pay the funeral expenses; that he collected the insurance money amounting to $215.50 and applied it to his own use and did not pay the funeral expenses or any other claims against her estate. The executor, therefore, by his cross-bill prayed that if it be found that any sum of money less than the amount of the insurance be due to Prince that he

should be decreed to pay the executor the difference; and if it be found that there is no money due from the executor to Prince (that is to say, as we take it, if the legacy abates on account of the debts) then Prince should be decreed to pay the executor the amount of the life insurance policy.

. The appeal from the denial of the motion to strike out the cross-bill is rested upon the grounds—*first,* that the matter set up by the cross-bill is not germane to the subject-matter of the complainant's bill, and *second,* that it is not one of equitable jurisdiction.

We think these objections without merit.

Prince is suing for a legacy, and whether it is a specific legacy or not makes no difference. Whether that legacy is due to him or not depends upon the amount of the assets in the hands of the executor, since it is not charged upon lands. In order to ascertain the assets all of them must be taken into account, including the amount of the life insurance policy, which it is not denied reached Prince's hands. If the proceeds of that policy are turned over to the executor it may be that there will be enough money to pay the debts and the legacy. If it is not turned over to the executor the debts even will not be paid without resorting to the real estate. It is quite clear, therefore, that the matter set up in the cross-bill is germane to the subject-matter of the complainant's bill.

We also think that the cross-bill involves a matter of equitable jurisdiction. If the allegations set forth in the cross-bill are true, Prince holds the insurance money that he collected on the policy in trust for the estate, and of course he may be compelled to account in equity.

The decree below will be affirmed, with costs.


*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.


*For reversal*—None.